IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE ARTHUR SNEED | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2032-H |
| | § | |
| HUNT COUNTY MEDICAL | § | |
| DEPARTMENT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Willie Arthur Sneed, an inmate in the Hunt County Jail, against the Hunt County Medical Department and various jail officials, including Lieutenant Snead, Nurse Gail Pierce, and Sergeant Mary Brunner. On October 13, 2005, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the

---

[1]    *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

questionnaire on January 26, 2006.  The court now determines that plaintiff should be permitted to prosecute his claim for lack of adequate dental care against Nurse Pierce.  His other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II.

Plaintiff alleges that he was denied dental care for a broken tooth and prescription drugs for a variety of ailments, including insomnia, anxiety, and high blood pressure, while incarcerated in the Hunt County Jail.  According to plaintiff, Nurse Gail Pierce and her supervisor, Lieutenant Snead, would not let him visit the dentist to have his tooth pulled and denied him medication prescribed by an MHMR doctor prior to his incarceration.  Plaintiff further alleges that a detention officer, Sergeant Mary Brunner, destroyed his legal papers in retaliation for filing a grievance.  As relief, plaintiff seeks compensatory and punitive damages totaling $60,000.

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1)     is frivolous or malicious;

(2)     fails to state a claim upon which relief can be granted; or

(3)     seeks money relief against a defendant who is immune from
        such relief.

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true. *See*

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim for relief against two of the defendants named in his complaint. The Hunt County Medical Department is not a legal entity subject to suit. *See Morgan v. Dallas County Sheriff's Dep't*, No. 3-04-CV-2172-D, 2005 WL 57282 at *1 (N.D. Tex. Jan. 11, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (Fitzwater, J.) (Dallas County Jail Medical Department not a proper defendant with jural existence). Nor can plaintiff sue Lieutenant Snead. As jail administrator, Snead can be sued only if he: (1) affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). In his interrogatory answers, plaintiff explains that Snead is liable because he has authority to approve all medical appointments. (*See Spears* Quest. #5). Such an allegation is insufficient to state a claim against this defendant in his individual capacity. *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989); *Morgan*, 2005 WL 57282 at *1.

C.

Plaintiff alleges that he was denied dental care for a broken tooth and prescription drugs for a variety of ailments. In order to establish a constitutional violation, plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d

251 (1976).  This, in turn, requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk.  *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

With respect to his dental care claim, plaintiff admits that jail officials took him to a dentist to have his tooth pulled.  However, the procedure could not be performed due to plaintiff's elevated blood pressure.  (*See Spears* Quest. #4; Plf. Supp. at 2).  The dentist, Dr. Anthony A. Glass, promised to extract plaintiff's tooth if his blood pressure returned to normal.  (Plf. Supp. at 2).  Following this visit, plaintiff alleges that Nurse Gail Pierce "refused to reschedule my dental appointment regardless of my constant pain" and told plaintiff "the only way I would go to the dentist is she wanted me to change my blood pressure medication[.]"  (*Spears* Quest. #4).  Plaintiff further contends that Pierce made several statements probative of deliberate indifference, such as "she did not care" if he was in pain.  (*Id.*).  These allegations, though thin, are sufficient to state a claim for denial of dental care.

The court reaches a different conclusion with respect to plaintiff's claim for denial of prescription medications.   Assuming plaintiff can show that jail officials were deliberately indifferent to his medical needs by failing to refill his prescriptions for Clonipan, Benedryl, Buproprion, and Clonidine, (*see Spears* Quest. #2), this claim still fails because plaintiff suffered no physical harm.  The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  The injury required by this statute "must be more than *de minimus* [sic], but need not be significant."  *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071

(2004).  In his interrogatory answers, plaintiff states that he suffered "discomfort to mental health, lack of sleep, [and] anxiety attack[s]" as a result of not receiving his medication.  This is insufficient to establish "physical injury" under the PLRA.  *See, e.g. Morgan*, 2005 WL 57282 at *1 (allegation that plaintiff suffered "undue pain . . . on a regular basis" as a result of not receiving medication held insufficient to establish physical injury); *Davis v. Bowles*, No. 3-04-CV-0877-L, 2004 WL 1205182 at *2 (N.D. Tex. Jun 1, 2004), *rec. adopted*, 2004 WL 1381045 (N.D. Tex. Jun. 18, 2004) (headaches and depression caused by failure to administer Prozac was *de minimus* injury).

## D.

Finally, plaintiff contends that Sergeant Mary Brunner confiscated and destroyed his legal papers in retaliation for filing a grievance.  Prison officials may not retaliate against an inmate for exercising his right of access to the courts or using the grievance system.  *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 800 (1996); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir.), *cert. denied*, 106 S.Ct. 1975 (1986).  In order to prove retaliation, the inmate must:  (1) allege the violation of a specific constitutional right; and (2) establish that the incident would not have occurred but for a retaliatory motive.  *Johnson v. Rodriguez*, 110 F.3d 299, 313 (5th Cir.), *cert. denied*, 118 S.Ct. 559 (1997); *Woods*, 60 F.3d at 1166.

In support of this claim, plaintiff alleges that Sergeant Brunner led a "shakdown" of his jail cell and confiscated unspecified legal papers and documents shortly after he filed a complaint with the Texas Commission on Jail Standards.  (*See Spears* Quest. #6).  Although plaintiff believes this was done in retaliation for filing the complaint, he offers no facts to support that conclusory assertion.  Plaintiff's subjective belief that he was the victim of retaliation does not give rise to a cause of action under 42 U.S.C. § 1983.  *See Phillips v. Mills*, No. 3-04-CV-0991-P, 2004 WL 1402569 at *2 (N.D. Tex. Jun. 22, 2004) (Kaplan, J.) (citing cases); *see also Puckdeesri v. Lopez*,

No. 04-10594, 110 Fed. Appx. 396 (5th Cir. Oct. 1, 2004) (retaliation claim properly dismissed where prisoner failed to establish retaliatory motive for confiscation of legal documents).[2]

## **RECOMMENDATION**

Plaintiff should be permitted to prosecute his claim for lack of adequate dental care against Nurse Gail Pierce.  His other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  January 30, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2]  Plaintiff also fails to show how he was injured by the alleged destruction of his legal materials.  According to plaintiff, the items confiscated by Sergeant Brunner were to be used to support a complaint he was going to file with the U.S. Department of Justice. (*Spears* Quest. #7).  However, no facts are alleged to establish that the confiscation and destruction of those materials impeded any pending or future litigation. *See Wanzer v. Longoria*, No. SA-05-CA-0082-RF, 2005 WL 1250785 at *3 (W.D. Tex. May 18, 2005), *citing Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 2186-87, 153 L.Ed.2d 413 (2002).